UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON LANGE
        Plaintiff,

v.                              Case No.: 8:19-CV-00034-CEH-CPT

TAMPA FOOD AND HOSPITALITY
Inc., a Florida Corp., PLANT CITY
HOSPITALITY, Inc., a Florida Corp.,
DUKE'S BREWHOUSE, Inc. a Florida
Corp., TAMPA FOOD & ENTERTAINMENT,
Inc., A Florida Corp., LOUIS MENDEL,
Individually, and JAMIE RAND,
Individually,
        Defendants.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, TAMPA FOOD AND HOSPITALITY, Inc., a Florida Corp., PLANT CITY HOSPITALITY, Inc., a Florida Corp., DUKE'S BREWHOUSE, Inc. a Florida Corp., TAMPA FOOD & ENTERTAINMENT, Inc., A Florida Corp., LOUIS MENDEL, Individually, (hereinafter collectively referred to as "Defendants") by and through undersigned counsel, and pursuant to *Fed. R. Civ. P. 12*, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint, as follows:

1. Admitted that this lawsuit is being brought pursuant to these statutes; denied that any such statutes are applicable to any Defendant, or that any violation of any such statutes occurred.

2. Denied.

3. Denied.

4. Denied.

5. Admit.

6. Admit.

1

7. Admit.

8. Admit.

9. Admit.

10. Denied.

11. Denied.

12. Admitted that this lawsuit is being brought pursuant to these statutes; denied that any such statutes are applicable to any Defendant, or that any violation of any such statutes occurred.

13. Admit.

14. Admit.

15. Denied Plaintiff had "employment" but admit two or more handled, goods, etc.

16. Admit.

17. Admit.

18. Admit.

19. Denied.

20. Admit, Plaintiff was independent contractor.

21. Denied.

22. Denied.

23. Unknown therefore Denied.

24. Unknown therefore Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT 1 -RECOVERY OF OVERTIME COMPENSATION

34. As previously pled.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. This averment is acknowledged.

WHEREFORE, Defendants, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff and enter any and all such further relief as is deemed just and equitable under the circumstances.

## AFFIRMATIVE DEFENSES AS TO TAMPA FOOD ANDHOSPITALITY, Inc., PLANT CITY HOSPITALITY, Inc., DUKE'S BREWHOUSE, TAMPA FOOD & ENTERTAINMENT, Inc., and LOUIS MENDEL.

<u>First Affirmative Defense:</u>

Independent Contractor / Failure to Prove the Existence of an Employer-Employee Relationship

Plaintiff cannot establish that he had an employer-employee relationship with Defendant because during all times pertinent to this lawsuit, Plaintiff had contracted to provide independent contractor services for Defendants and the economic reality of his regular day-to-day duties establishes that the FLSA is not applicable to this dispute.

<u>Second Affirmative Defense:</u>

Good Faith

Plaintiff is not entitled to liquidated damages under the FLSA, even if he can prove a violation of the law, because any acts or omissions giving rise to Plaintiff's claims were undertaken and made in good faith, and the Defendants had reasonable grounds for believing their acts or omissions did not violate the law.

<u>Third Affirmative Defense:</u>

Set-Off

Defendants respectfully seek reimbursement or set-off for any damages the Plaintiff has caused to any property of Defendants during the time period that Plaintiff provided services, and further seek a set-off for any severance pay to the Plaintiff, unemployment benefits received from the State of Florida, or all other wage replacement benefits provided to the Plaintiff by any source.

<u>Fourth Affirmative Defense:</u>

Lack of Subject Matter Jurisdiction

Plaintiff cannot establish enterprise or individual coverage under the FLSA. Accordingly, this Honorable Court has no subject matter jurisdiction over the claims alleged within the Plaintiff's Complaint.

## DEMAND FOR ATTORNEY'S FEES

Defendants, TAMPA FOOD AND HOSPITALITY, Inc., a Florida Corp., PLANT CITY HOSPITALITY, Inc., a Florida Corp., DUKE'S BREWHOUSE, Inc. a Florida Corp., TAMPA FOOD & TERTAINMENT, Inc., A Florida Corp., LOUIS MENDEL, each in their own individual capacity, hereby demand and reserve the right to pursue recovery of their attorney's fees incurred in this action under Christianburg Garments Co. v. EEOC, 434 U.S. 412 (1978), and any other available and/or appropriate provisions under the circumstances.

Defendants, demand Trial by Jury on all matter so Triable.

## CERTIFICATE OF SERVICE

**I *HEREBY CERTIFY*** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: C. Ryan Morgan, Esq. RMorgan@forthepeople.com. on February ___ 2019.

/s/*G. MICHAEL NELSON*
G. MICHAEL NELSON, ESQUIRE
FBN: 0559180
Nelson, Bisconti & McClain, L.L.C.
1005 North Marion Street
Tampa, FL 33602
Phone: (813) 221-0999
Facsimile: (813) 314-9626
E-mail: gmnlaw@hotmail.com
Counsel for the Defendants